IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-421-FL

| | |
|---|---|
| HYACINTH SOLOMON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PNC MORTGAGE COMPANY, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause is before the Court upon Plaintiff's application to proceed *in forma pauperis*. (DE-1). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See*, Cochran v. Morris, 73 F.3d 1310, 1315-1316 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)).

As an initial matter, Plaintiff identifies her minor children by name in her *in forma pauperis* application. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure provides that only the minor's initials should be included in filings with the Court. It is RECOMMENDED that the Clerk of Court seal Plaintiff's application. Plaintiff shall identify her minor children using only their initials in all future court filings.

A case is frivolous if it lacks an arguable basis in either law or fact. *See*, Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an

indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quotation omitted). However, a pleading must contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). *See*, Ashcroft v. Iqbal, 556 U.S. 662, 677–680 (2009).

Similarly, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a)(2). "Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Phillips v. Triad Guaranty, Inc., 2013 WL 2403281, * 5 (M.D.N.C. 2013). Furthermore, "[t]he mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented . . . construct the plaintiff's legal arguments for him . . . or conjure up questions never squarely presented to the court . . . " Dukes v. Brown, 2013 WL 2423165, 2 (D.S.C. 2013)(citation and quotation omitted).

Likewise, under Rule 9(b) of the Federal Rules of Civil Procedure, when a party alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake . . . " Fed.R.Civ.P. 9(b). The Fourth Circuit has stated that

2

"the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 785 (4th Cir. 1999) (citation omitted). Where multiple defendants are asked to respond to allegations of fraud, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." Bluestone Coal Corp. v. CNX Land Res., Inc., 2007 WL 6641647, * 6 (S.D .W.Va. 2007).

Plaintiff asserts that she "has sustained to date as a result of Defendant's predatory lending, violation of RESPA, the Fair Housing Act (discrimination- reverse red lining), fraud and misrepresentation, unfair debt collection practices, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealings and state and federal racketeering and corrupt organizations acts (RICO)." (DE-1-1, pg. 1). Because the Complaint is rambling and imprecise, it is difficult to ascertain the precise nature of her claims. Indeed, at various points, Plaintiff asserts "affirmative defenses" and "demands that the Defendant's [complaint] be dismissed with prejudice." Id. at pg. 8, ¶ G; pg. 8, ¶ 32; pg. 9, ¶ 33). Plaintiff also asserts "counterclaims" in her Complaint. Id. at pg. 9.[1]

Regardless, her allegations generally do not meet the requirements of Rules 8 and 9. Her Complaint is little more than a series of baldly stated conclusions. Likewise, Plaintiff's Complaint does not establish the "who, what, when, where, and how" of the claimed fraud, as required by Rule 9. United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008). For example, Plaintiff states that she "is

---

[1] If the instant Complaint is simply Plaintiff's inartful attempt to challenge a foreclosure action against her, then her allegations do not give rise to federal question subject matter jurisdiction. Boyter v. Hutchens, Senter, Kellam & Pettit, P.A., 2013 WL 1310831, * 2 (W.D.N.C. 2013). However, Plaintiff alleges that diversity jurisdiction exists. (DE-1-1, pg. 2).

3

ignorant of all the capacities of defendants . . . but will amend the complaint when their capacities have been ascertained according to proof at the time of trial." (DE-1-1, pg. 2, ¶ 9). She later alleges that "Defendant intentionally failed to act in good faith or to deal fairly with the Plaintiff by failing to follow the applicable standards of residential single family mortgage lending . . ." *Id*. at pg. 8, ¶ G). Similarly, she contends in conclusory fashion that "Defendant has charged and/or collected payments from Plaintiff . . . that are not authorized by or in conformity with the terms of the subject note and mortgage." *Id*. at pg. 8, ¶ 31. These quotations are illustrative of the fact that Plaintiff has failed to plead a viable claim because she consistently proffers conclusions without any supporting facts. The undersigned will nonetheless address Plaintiff's specific claims.

Because they have not been properly pleaded, Plaintiff's predatory lending, fraud, misrepresentation, unfair debt collection practices, breach of fiduciary duty, breach of contract claims are all deemed frivolous.

Furthermore, Plaintiff alleges that Defendant has violated Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602, *et seq.* "RESPA sought to provide consumers with a better understanding of the home purchase and settlement process, and to reduce, when possible, 'unnecessarily high settlement charges caused by certain abusive practices.' " Proctor v. Metro. Money Store Corp., 645 F.Supp.2d 464, 484 (D.Md.2009) (*quoting* 12 U.S.C. § 2601). RESPA creates a private right of action for only three types of wrongful acts: 1) failure of a loan servicer to provide proper notice about a transfer of servicing rights or to respond to a qualified written request for loan information, 12 U.S.C. § 2605; 2) payment of a kickback or unearned fees for real estate settlement services, 12 U.S.C. § 2607; and 3) requiring a buyer to use a title insurer chosen by the seller, 12 U.S.C. § 2608. *See*, McKinney v. Fulton Bank, 776 F.Supp.2d 97, 103 (D.Md.2010). Here,

4

Plaintiff's Complaint, even when liberally construed, fails to establish a RESPA claim.

The Complaint also cites to the Racketeer Influenced and Corrupt Organization Act("RICO"), 18 U.S.C. § 1961, *et seq.* (DE-1-1, pg. 1). However, Plaintiff fails to discuss this statute in her Complaint. To establish a RICO claim Plaintiff must allege "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). Plaintiff's sparse allegations wholly fail to satisfy these requirements.

In addition, Plaintiff attempts raise claims pursuant to the National Housing Act, 12 U.S.C. § 1701x(c). (DE-1-1, pg. 9-16). However, that statue does not create a private right of action. Rozier v. CitiMortgage, Inc., 2011 WL 2634154, * 3 (E.D.Va. 2011).

Next, Plaintiff asserts claims pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*. To establish a FHA claim, Plaintiff must demonstrate that the housing action or practice being challenged was either motivated by a discriminatory purpose or had a discriminatory impact. *See*, Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir .1984) (discussing racial discrimination under the FHA). Plaintiff's Complaint fails to do so.

Finally, Plaintiff asserts a quiet title action against Defendant. "An action [to quiet title] may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." N.C. Gen.Stat. § 41–10. *See also*, Konar v. New Century Mortgage Corporation, 2013 WL 427103 (E.D.N.C. 2013). The purpose of the statute creating a cause of action to quiet title is to " 'free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion....' " Resort Development Co., Inc. v. Phillips, 178

5

S.E.2d 813, 818 (1971) (*quoting* Christman v. Hilliard, 82 S.E.2d 949, 951 (1914)). " 'A cloud upon the title is, in itself: a title or encumbrance, apparently valid, but in fact invalid . . .[i]t is something which, nothing else being shown, constitutes an encumbrance upon it or a defect in it-something that shoes prima facie the right of a third party either to the whole or some interest in it, or to a lien upon it.' " York v. Neman, 163 S.E.2d 282, 285 (1968) (*quoting* McArthur v. Griffith, 61 S.E. 519, 521 (1908)). Plaintiff does not assert sufficient facts in her Complaint to support this claim. Joy v. MERSCORP, Inc., 2013 WL 1246856, * 16 (E.D.N.C. 2013).

Accordingly, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (DE-1) be GRANTED, but that her Complaint be dismissed as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, June 14, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE