IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-421-FL

| | | |
|---|---|---|
| HYACINTH SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PNC MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb (DE 3), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court dismiss plaintiff's complaint as frivolous.[1] Plaintiff filed an objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

---

[1] Plaintiff moved for leave to proceed *in forma pauperis*, which was granted by text order entered August 16, 2013, in accordance with the M&R. That text order also sealed plaintiff's motion for leave where she refers to her minor children by name, and plaintiff consented to seal in her objection to M&R.

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, the magistrate judge recommended dismissing the complaint in part for the following reasons. First, the M&R demonstrates that plaintiff's claims for predatory lending, fraud, misrepresentation, unfair debt collection practices, breach of fiduciary duty, and breach of contract are all conclusory and lack the factual details required by Rule 9. Similarly, the M&R concluded that plaintiff's statutory claims and quiet title action against defendant failed for lack of specificity, or were misplaced where, for example, the National Housing Act does not provide a private right of action.

Plaintiff's objection re-alleges the same facts in her complaint which were deemed insufficient to survive frivolity review in the M&R. Furthermore, plaintiff's objection provides only conclusory assertions that do not direct the court to any particular error in the M&R. Upon *de novo* review, the court finds that such objection provides no basis to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the

2

magistrate judge in full (DE 3), and DISMISSES plaintiff's complaint as frivolous. The clerk is directed to close this case.

SO ORDERED this the 20th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

3